■ In the Matter of THOMAS GALLAGHER, Petitioner, v. DONALD F. CAWLEY, as Police Commissioner of the City of New York, Respondent.— Determination of respondent Police Commissioner, dated February 27, 1973, dismissing petitioner from the police service, unanimously modified, on the law and in the exercise of discretion, by reducing the punishment imposed to suspension for a period terminating 30 days after the date of the order entered hereon without pay. Said determination is otherwise confirmed, without costs and without disbursements. The gravamen of the charges filed against petitioner was that, acting in concert with another officer, he solicited and accepted $10 as consideration for not taking proper police action against a civilian found in possession of stolen license plates. The finding of guilt was supported by substantial evidence and petitioner does not seriously argue to the contrary. Instead, he contends that he is entitled to equitable relief predicated on principles of estoppel. The basis for such claim is a public statement by former Police Commissioner Murphy (made after the charges herein were brought, but before the departmental trial was held) urging all police officers to assist the department's anticorruption efforts; with the promise that all who co-operated in such endeavor would be given appropriate consideration if they desired to remain police officers. In such connection petitioner contends, and it is not disputed, that after such public statement he co-operated in certain investigations conducted by the Knapp Commission and the King's County District Attorney's office. These investigations, however, were completely unrelated to the charges brought against petitioner, which he vigorously contested. Though we find no legal basis for sustaining a defense founded on any theory of estoppel and reliance, we nevertheless conclude that such co-operation should be considered as a mitigating factor. We join with respondent in condemning petitioner's conduct. However, in the circumstances here presented, we believe dismissal is too harsh a penalty and, accordingly, impose a less severe measure of discipline. Concur — Markewich, J. P., Nunez, Kupferman, Murphy and Tilzer, JJ.